UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-21085-JB

SHANNON ING,

      Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

      Defendant.

                                    /

**DEFENDANT CARNIVAL CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION, by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [ECF No. 22] and states as follows:*

1.      Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter.

3.      It is admitted that this Court has subject matter jurisdiction over this matter.

4.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter and that the venue is proper pursuant to the forum selection clause contained in the Passenger Ticket Contract.

5.      It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter.

6. Admitted.

7. Admitted.

8. It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter.

9. Admitted.

10. It is admitted that this Court has subject matter jurisdiction by virtue of its admiralty and maritime jurisdiction.

11. It is admitted that this Court maintains personal jurisdiction over this Defendant in this matter.

12. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Admitted.

14. Admitted.

15. Denied as phrased to the extent this paragraph calls for a legal conclusion.

16. Admitted.

17. Denied as phrased.

18. Denied as phrased.

19. Denied as phrased.

20. Denied.

21. Denied as phrased.

22. Denied as phrased.

23. Denied as phrased.

24. Denied as phrased.

25. Denied as phrased.

26. Denied as phrased.

27. Denied.

28. Denied.

29. Denied as phrased.

30. Admitted the lido deck contains food locations, bars, and beverage dispensers.

31. Denied as phrased.

32. Denied.

33. Denied.

34. Denied as phrased.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted Carnival crewmembers were near the Blue Iguana Cantina.

41. Denied.

42. Admitted.

43. Admitted Plaintiff required to be moved by a stretcher after her fall.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48.     Denied as phrased.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Admitted Defendant called an ambulance to transport Plaintiff to a local hospital.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied as an improper and incomplete statement of law.

57.     Denied.

58.     Denied as phrased.

59.     Denied.

60.     Denied as phrased.

61.     Denied.

62.     Denied.

63.     Denied, including subparts I and II.

64.     Admitted Defendant owed a duty of reasonable care to its passengers.

65.     Denied as an improper and incomplete statement of law.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT CARNIVAL

66.     Defendant reincorporates its responses to paragraphs 1 through 65 as though fully stated herein.

67.     Admitted.

68.     Admitted.

69.   Denied as an incomplete legal conclusion.

70.   Admitted.

71.   Denied as an incomplete legal conclusion.

72.   Denied.

73.   Denied.

74.   Denied as phrased.

75.   Denied.

76.   Denied as phrased.

77.   Denied as phrased.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied, including subparts (a) through (a)(a).

83.   Denied.

84.   Denied.

85.   Denied.

## COUNT II
## <u>VICARIOUS LIABILITY OF DEFENDANT CARNIVAL</u>

86.   Defendant reincorporates its responses to paragraphs 1 through 65 as though fully stated herein.

87.   Admitted.

88.   Denied as an incomplete legal conclusion.

89.   Denied as an incomplete legal conclusion.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied, including subparts (a) through (k).

94.     Denied.

95.     Denied.

## COUNT III
## FAILURE TO WARN AGAINST CARNIVAL

96.     Defendant reincorporates its responses to paragraphs 1 through 65 as though fully stated herein.

97.     Denied as an incomplete legal conclusion.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## COUNT IV
## CARNIVAL'S VICARIOUS LIABILITY FOR EMPLOYEE FAILURE TO WARN

103.    Defendant reincorporates its responses to paragraphs 1 through 65 as though fully stated herein.

104.    Admitted.

105.    Denied as an incomplete legal conclusion.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

\* Any allegations not specifically admitted to herein are hereby denied, including all damages sought in the wherefore clauses.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant would also affirmatively state as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

F.      Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

G.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

H.      The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

I.      Defendant, and its employees and/or agents, had no notice of any dangerous or risk-creating condition.

J.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

**SERVICE LIST**
**CASE NO. 1:24-cv-21085-JB**

Brett Rivkind, Esq.
RIVKIND, MARGULIES & RIVKIND, P.A.
169 East Flagler Street
Suite 1422
Miami, FL 33131
Tel: (305) 374-0565
Fax: (305)539-8341
seainjury@rivkindlaw.com